**Nevrus MECO, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–2832–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 1, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Glenn T. Terk, Wethersfield, Connecticut, for Petitioner.

Christopher J. Christie, United States Attorney for the District of New Jersey; John G. Silbermann, Assistant United States Attorney, for Respondent.

Present: Hon. Reena RAGGI, Hon. Richard C. WESLEY, and Hon. Peter W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED, the decision of the BIA be and it hereby is AFFIRMED, and the motion for a stay of removal is DENIED as moot.

Nevrus Meco petitions for review of the BIA order affirming the immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994). This Court reviews an IJ's factual findings under the substantial evidence standard and, as such, "a finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003)

(quoting *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000)). This Court will reverse the eligibility determination "only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ In this case, the IJ's factual determinations regarding Meco's eligibility for asylum were substantially supported by the record as a whole. Even if an applicant establishes that he has been persecuted, asylum may be denied as a matter of discretion where the Government has adequately rebutted the presumption of future persecution. *See Islami v. Gonzales*, 412 F.3d 391, 397–98 (2d Cir.2005). Here, the IJ's finding that, even if Meco had been persecuted in the past, a "fundamental change in circumstances" had occurred in which the Communists no longer controlled and wielded an "extremely repressive government that suppressed any sort of dissent," is amply supported by the record.

■ The IJ's finding that Meco did not establish a reasonable possibility of suffering persecution in Albania was also supported by substantial evidence. The IJ correctly observed that: while Meco discussed the targeting of his family by an earlier regime, nothing in his testimony indicated that he or his family was thereafter "singled out" due to their membership in the Democratic Party; there was "no evidence of any pattern or practice of harm" to Meco; he was never harmed when he returned to Albania; he in fact reclaimed some of the family property; and there is no evidence that Meco's membership in the Democratic Party alone would subject him to a reasonable possibility of persecution.

■ The finding that Meco fails to meet the "reasonable possibility" standard of a well-founded fear of persecution, consequently means that Meco cannot meet his burden for the withholding of removal claim. The IJ's finding that Meco did not demonstrate that it was more likely than not that the government of Albania would torture him, is likewise supported by the record. Meco did not testify to any incidents of past torture of him or his family members. Additionally, although he claimed that "they" would look for him and kill him if he asked for his property, there was no indication in the background materials, or in Meco's own testimony to substantiate this claim.

■ Lastly, the petitioner challenges the BIA's decision to "streamline" his case. This Court has yet to determine whether it has jurisdiction to review the BIA's decision to "streamline" a particular case. *Compare Ngure v. Ashcroft*, 367 F.3d 975, 983 (8th Cir.2004) and *Tsegay v. Ashcroft*, 386 F.3d 1347, 1353 (10th Cir.2004) with *Chong Shin Chen v. Ashcroft*, 378 F.3d 1081, 1087 (9th Cir.2004) and *Smriko v. Ashcroft*, 387 F.3d 279, 294 (3rd Cir.2004). However, for the purpose of this proceeding, we can assume jurisdiction without deciding the matter for it is clear that the BIA appropriately summarily affirmed the IJ's decision. Pursuant to 8 C.F.R. § 1003.1(e), a single member of the BIA may affirm the IJ without opinion, or "streamline" the case, when the board member determines that: (1) the result reached in the decision was correct or that any errors in the decision were immaterial and harmless; and either (2) the issues on appeal are "squarely controlled" by existing precedent or do not involve the application of precedent to a novel set of facts; or (3) the issues raised on appeal "are not so substantial that the case warrants the issue of a written opinion." 8 C.F.R.

§ 1003.1(e)(4)(i)(A)-(B). This Court has determined that the BIA's streamlining procedure does not, on its face, violate due process. *See Yu Sheng Zhang v. United States Dep't of Justice*, 362 F.3d 155, 156–57 (2d Cir.2004). Moreover, the IJ's decision did not contain any material errors and the issues on appeal to the BIA were "not so substantial that the case warrant[ed] ... a written opinion." The case, thus, fit squarely within the criteria laid out in 8 C.F.R. § 1003.1(e)(4)(i)(A)-(B).

For the foregoing reasons, the petition for review is DENIED, the BIA's April 2004 decision is AFFIRMED, and the motion for stay of removal is DENIED as moot.